UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FELIX ARREBATO-BLANCO,

      Petitioner,

v.                                                       Case No.:  2:26-cv-01140-SPC-NPM

DEPARTMENT OF HOMELAND
SECURITY,

      Respondent,

                                      /

## OPINION AND ORDER

Before the Court are petitioner Felix Arrebato-Blanco's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).  For the below reasons, the Court grants the petition.

Arrebato-Blanco is a 72-year-old native of Cuba who entered the United States as a lawful permanent resident on May 15, 1980.  Following a 1992 conviction for sexual battery, an immigration judge ordered him removed on March 18, 1996.  Immigration and Customs Enforcement ("ICE") was unable to remove him, so it placed him on an order of supervision on December 12, 2008.  On November 1, 2025, the Florida Department of Law Enforcement arrested Arrebato-Blanco and handed him over to ICE.  He is currently detained at Alligator Alcatraz.  Arrebato-Blanco claims ICE detained him without due process.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands."  *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).  Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh heavily in Arrebato-Blanco's favor.  First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects.  *Zadvydas*, 533 U.S. at 690.  Second, the risk of erroneous deprivation of that interest is substantial here.  The government's

actions give Arrebato-Blanco no opportunity to contest the reasonableness of his detention.  ICE did not give Arrebato-Blanco notice of the reason for his detention or an opportunity to address it.  What is more, the Court recognizes significant value in the safeguards established by 8 C.F.R. § 241.13(i), the regulation governing revocation of release.  The safeguards include notice of the reason for revocation and a prompt informal interview to address the reason.  Neither occurred here.  Without notice and an interview, there is nothing to ensure immigration detention serves is statutory purposes and is used in accordance with the laws enacted by Congress.

Third, while the government has a legitimate interest in executing removal orders, ICE does not show how Arrebato-Blanco's detention serves that interest.  To start, there is no evidence that ICE can remove Arrebato-Blanco.  What is more, Arrebato-Blanco was already subject to terms of supervision, and law enforcement was able to locate and arrest him at his home.  If removal becomes likely, ICE should have no trouble bringing Arrebato-Blanco back into custody for the purpose of executing the removal order.

For these reasons, the Court finds that ICE violated Arrebato-Blanco's Fifth Amendment rights by detaining him without process.

Accordingly, it is hereby

**ORDERED:**

Felix Arrebato-Blanco Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Arrebato-Blanco within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record